UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KRISTEN SIMMONS as Personal Representative of Estate of Marvin Johnson, deceased, <br><br> Plaintiff, <br><br> v. <br><br> GENESEE COUNTY, *et al.*, <br><br> Defendants. <br>_____/ | Case No. 24-10815 <br><br> F. Kay Behm <br> United States District Judge <br><br> Curtis Ivy, Jr. <br> United States Magistrate Judge |

## <u>ORDER GRANTING IN PART MOTION FOR ALTERNATE SERVICE</u> <br> <u>(ECF No. 16)</u>

Plaintiff moved for leave to serve Defendants Lori Cool, Chantell Jones, Sparkle Goodman, and Merissa Moses by alternate service. (ECF No. 16). She explains that attempts at personal service did not succeed; either no one was home or at times it appeared someone was home but refused to answer the door. Plaintiff seeks leave to serve these Defendants by tacking a copy of the summons, complaint, affidavit of merit, and jury demand to their doors and mailing a copy of the documents by certified and First Class Mail. This motion was referred to the undersigned. (ECF No. 17).

The Federal Rules of Civil Procedure allow for service on an individual by following state law for service where the Court is located. Fed. R. Civ. P. 4(e).

Michigan provides for personal service or mailed service by certified mail, return receipt requested, and delivery restricted to the addressee. M.C.R. 2.105(A).

In accordance with Michigan Court Rule 2.105(A)(1), Plaintiff attempted personal service through a process server five times at each Defendant's residence. There was no answer on each attempt, even though sometimes there were cars in the driveway and it appeared someone was inside.

The Michigan Court Rules permit alternate service where process cannot reasonably be made as provided by the rules. Mich. Ct. Rule 2.105(J)(1). There was no indication in the motion that Plaintiff attempted mailed service under Michigan Court Rule 2.105(A)(2). Because Plaintiff has not shown that service cannot reasonably be made as provided by the rules, yet, the motion for alternate service is **GRANTED IN PART** in that the Court will extend the summons 60 days to attempt mailed service. If these Defendants appear to evade mailed service as well, Plaintiff should move once again for alternate service, seeking the means of service outlined in the motion.

    **IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R.

Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: June 21, 2024                                     s/Curtis Ivy, Jr.
                                                        Curtis Ivy, Jr.
                                                        United States Magistrate Judge